1   **YOUR NAME**    DIANE BENITEZ     San Diego, CA 92114

2   **YOUR ADDRESS**    5610 ALTA VISTA AVE, SD  

  **YOUR TELEPHONE NUMBER**    619-561-2356    '11 MAR 15 PH 12:06

3

                              CLERK U.S. DISTRICT COURT

4                               SOUTHERN DISTRICT OF CALIFORNIA

5                                   BY               DEPUTY

6

7

8                      **UNITED STATES DISTRICT COURT**

9

                   **SOUTHERN DISTRICT OF CALIFORNIA**

10                       (Must start on line 8 or below)

11    DIANE BENITEZ

12

13              -v-                    **'11 CV 0510 BEN WMC**

14    Recon TRust, CA        Case No. _____

          ReconTRust,             (To be assigned at time of filing)

15    Bank of America, CA

   an ens legis being used to conceal

16    John Does 1-10,000    fraud       **COMPLAINT FOR** (Brief description of document)

17

18   **Plaintiff alleges:**

   This is AN EMERGENCY moTion to prevent The

19    sale of 5610 AlTA VIsTA Ave, San Diego, CA 92114,

20    as the Sale Date is March 15, 2011.

21    Filed contemporaneously herewith is Plaintiff

22    AppLication for Temporary ReTRaining

23    Order and Application for Temporary and

24    Permanent InuncTive Relief to STay an imminent

25    fore closure sale on March 15, 2011.

26       Comes Now, Diane Benitez plainTiff pro

27    Per, and hereby sues Defendants for emergency

28    InjancTive and declaratory Relief

   :ODMA\PCDOCS\WORDPERFECT\6869\1 May 26, 1999 (2:51pm)

               Diane Benitez March 15, 2011

FILED

MAR 15 PM4:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

'11 CV 0510 BEN WMC

Diane Benitez, Plaintiff(s) *pro per*
5610 Alta Vista Ave
San Diego California 94114
619-669-8941
BenitezDianeC@Yahoo.com

**UNITED STATES ~~SUPERIOR~~ COURT**
**FOR THE COUNTY OF SAN DIEGO, CALIFORNIA**

| | |
|---|---|
| Diane Benitez(S), *pro per*, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ReconTrust, CA | ) |
| ReconTrust | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Bank of America, CA an *ens legis* | ) |
| being used to conceal fraud; | ) |
| | ) |
| | ) |
| JOHN DOES (Investors) 1-10,000, | ) |
| Defendants. | ) |

**REQUEST FOR INJUNCTIVE
RELIEF**
FILED March 15, 2011

**(REQUEST FOR EVIDENTIARY
HEARING AND
ORDER TO SHOW CAUSE**

**CONCERNING DEFENDANTS'
FILING OF FALSE DOCUMENTS
INTO A PUBLIC OFFICE)**

**THIS IS AN EMERGENCY MOTION AS THE SALE DATE IS March 15, 2011.**

Filed contemporaneously herewith is Plaintiff Application for Temporary
Restraining Order and Application for Temporary and Permanent Injunctive Relief to stay
an imminent foreclosure sale on March 15, 2011.

COMES NOW, Diane Benitez, Plaintiff *pro per*, and hereby sues Defendants for

emergency injunctive and declaratory relief.

**I. PARTIES AND JURISDICTION**

1.    Diane Benitez is an individual of majority age who resides at 5610 Alta Vista Ave San Diego California 94114, San Diego County, California ("Property"). This Court has personal jurisdiction over him.

A.P.N. number _____

Legal description: Lot 85 Las Alturas Villa Sites Map # 000501 document # 354523 5/25/07 Parcel # 553-013-32-00 according to the plat record in the office of the county recorder of San Diego County, California

Purported street address 5610 Alta Vista Ave, San Diego CA 94114

2.    Defendants jointly and/or separately (hereinafter "Defendants") are or were, at all material times hereto, "in charge of" foreign corporations whose corporate domicile and alleged authority to do business in the State of California is unknown and hereby questioned by Diane Benitez.

3.    The John Doe Investor Defendants 1-10,000 are inclusive of other conspirators whose names are unknown to Diane Benitez, but may possibly also include any and all title companies and/or officers, notaries that are and/or were employees of Defendants' *ens legis*, and others.

4.    This Court has personal jurisdiction over each of the Defendants as they have purposefully availed themselves of the privileges and benefits of conducting and engaging in doing business in California

5.    This Court has subject matter jurisdiction and venue because a substantial part of the events and omissions giving rise to Diane Benitez claims occurred in San Diego County, California wherein she also seeks injunctive relief against these Defendants.

2

6.     Defendants by and through their respective *ens legis* are used to conceal their fraud and/or criminal activity, issued securities which may or may not have been properly registered. These securities are form of either collateralized mortgage obligations (CMOs) or collateralized debt obligations (CDOs), or other form of exotic investment vehicle which may or may not be collateralized in whole or in part by the subject Deed of Trust herein.  The Certificate holders of the subject securities may or may not have an interest, in whole or in part, in the Deed of Trust and/or the Promissory Note, the subjects of action.

7.     This Motion is being brought in accordance with the fraudulent acts committed by Defendants and pursuant to California Revised Statutes Title § 44: Chapter 8, Articles 1, 3 and 4; and Chapter 9, Articles 1 and 2, and other state and/or federal laws against all Defendants.

8.     This action arises out of Defendants' fraudulent misrepresentations and omissions made to Diane Benitez

9.     Each of the named Defendants and/or their successor, individually and in their official capacity as President/CEO of their respective business entities, the *ens legis* being used to conceal fraud, were and/or are the decision makers for those entities and the persons that ordered the *ens legis* to defraud Diane Benitez.

10.    Diane Benitez also enters into this Court's record the American Bar Association's opinion concerning foreclosures:

"... this Court has the responsibility to assure itself that the foreclosure plaintiffs have standing and that subject-matter-jurisdiction requirements are met at the time the complaint is filed. Even without the concerns raised by the documents the plaintiffs have filed, there is reason to question the existence of standing and the jurisdictional amount".

3

... by the American Bar Association at:

Over 30 cases are covered by the ABA... ...
http://www.abanet.org/rpte/publications/erep rt/2008/3/Ohioforeclosures.pdf

11.   Diane Benitez has no adequate remedy at law to redress the harm complained of. The sale of the her property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by parties who have no legal standing to institute or maintain the "Trustee sale," ab initio.

12.   Scotus decisions conclusively and repeatedly declare that "fraud vitiates everything." Any and all contracts involving fraud are void *ab initio* (not just voidable).

13.   Diane Benitez also enter into evidence in this Court's record the American Bar Association's opinion concerning foreclosures:

> . . . this Court has the responsibility to assure itself that the foreclosure plaintiffs have standing and that subject-matter-jurisdiction requirements are met at the time the complaint is filed. Even without the concerns raised by the documents the plaintiffs have filed, there is reason to question the existence of standing and the jurisdictional amount.

> Over 30 cases covered by the American Barr Association at:
> http://www.abanet.org/rpte/publications/ereport/2008/3/Ohioforeclosures.pdf

14.   Pursuant to California Rules of Civil Procedure; Diane Benitez requests an Order to Show Cause as to why Defendants have commenced a non-judicial foreclosure using fraudulent documents that have been unlawfully filed and/or recorded in the San Diego County Recorder's Office by Defendants,

15.   Pursuant to California Rules of Civil Procedure, Diane Benitez this Court to order Defendants to cease and desist all actions, non-judicial and/or otherwise, against me until such a time as Defendants disprove all of the allegations set forth herein.

## II. MATERIAL FACTS AND ISSUES

4

16.     Diane Benitez reaffirms and r..alleges the preceding paragraphs as if fully set forth herein below.

17.     Diane Benitez sold to Defend:nts a Promissory Note.

18.     Defendants altered said Prom:ssory Note by stamping same "PAY TO THE ORDER OF ********** WITHOUT RECC JRSE."

19.     Defendants' act of altering the Promissory Note caused said Promissory Note to become a "check."

The Federal Reserve Board defin..s a check as "a draft or order upon a bank or banking house purporting to be d:awn upon a deposit of funds for the payment at all events of a certain sum of money :o a certain person therein named or to her or his order or to bearer and payable ins:antly on demand." **It must contain the phrase "pay to the order of."** (Black's Law Dictionary. Sixth Ed.) (Emphasis added)

20.     Defendants then resold the "check/Promissory Note", yet failed to pay Diane Benitez the money received from the sale of said check/Promissory Note.

21.     The preceding events caused the sale of the Promissory Note to be completed and perfected.

22.     Defendants then used "legalee" to trick Diane Benitez into believing Defendants were going to "loan" money to Diane Benitez when in fact the money Defendants were actually claiming Defendants would "loan" Diane Benitez was the very same money Defendants received for selling Diane Benitez check/Promissory Note.

23.     Defendants then fraudulently claimed Defendants provided a "loan" equal to the amount of the check/Promissory Note to Diane Benitez.

24:     However, Diane Benitez never received any "loan" from Defendants.

5

25.   In fact, Diane Benitez did not receive the money from selling her Promissory Note to Defendants. Instead, Defendants gave said money to third party(ies).

26. Defendants used the money they received from the sale of Diane Benitez' check/Promissory Note to fraudulently encumber Diane Benitez real property by claiming said money paid to the third party(ies) was Defendants' money.

27.   Thus, Defendants' encumbrances on Diane Benitez real property are *prima facie* evidence of Defendants' fraud as it is a functional impossibility for the sum of the check/Promissory Note to be used twice against Diane Benitez.

28.   Simply stated:

a.   Diane Benitez sold a Promissory Note to Defendants.

b.   Defendants then resold said Promissory Note, yet still failed to pay Diane Benitez.

c.   Defendants unlawfully used the money they should have paid Diane Benitez to purchase specific debts.

d.   Defendants purchased said debts in their name instead of Diane Benitez' name.

e.   Defendants used said purchase to transfer the lien rights on Diane Benitez real property from the third party to Defendants.

i)   Defendants used Diane Benitez money to buy the lien under Defendants' name so as to put the lien in Defendants' name instead of removing said lien.

ii)   Such criminal act is fraudulent conversion.

f.   Defendants then unlawfully claimed encumbrances on Diane Benitez real property for the debts paid off in Defendants' name with Diane Benitez's money.

g.   Defendants then used 'legalese' to trick Diane Benitez into believing that Defendants had given Diane Benitez a "loan."

6

h.   Diane Benitez made monthly payments on said "loan" until such a time as Diane Benitez discovered material facts evidencing Defendants' fraudulent and criminal acts; Diane Benitez discovered that Defendants used the money from the sale of the Promissory Note, and *not* the money from a "loan" to pay off the aforementioned debts.

j.   It is a functional impossibility for the "loan" to have occurred as such would require the same exact money to be spent twice: once for the purchase of the liens and once to be given to Diane Benitez as a "loan."

    i)   The purchase of the lien(s) did occur; therefore, the "loan" could not have occurred.

    ii)   For the "loan" to occur, then the lien purchase by Defendants could not have occurred.

k.   To date, Diane Benitez has not received the "loan" promised by Defendants.

l.   Diane Benitez has been financially devastated by Defendants' failure to supply the "loan" Diane Benitez paid for several months and is still waiting to receive.

m.   Defendants knowingly, intelligently and willfully created the previous scenario to defraud Diane Benitez and millions of other Americans in a far-reaching conspiracy to unlawfully steal land from Americans in the single largest act of conspiratory terrorism in the history of the world as evidenced by the man that created the concept almost one hundred years ago:

> "Capital must protect itself in every way . . . Debts must be collected and loans and mortgages foreclosed as soon as possible. When through a process of law the common people have lost their homes, they will be more tractable and more easily governed by the strong arm of the law applied by the central power of leading financiers. People without homes will not quarrel with their leaders. This is well known among our principle men now engaged in forming an imperialism of capitalism to

7

govern the world. By dividing the people we can get them to expend their energies in fighting over questions of no importance to us except as teachers of the common herd.." J.P. Morgan, *circa* 1913.

29. The criminal and fraudulent attempt by Defendants to appear as the "Creditor" when Defendants, without lying, will never swear under oath to be the Creditor is also Defendants' confession to their criminal and fraudulent acts.

*See, (California statute )* A.R.S. § 44-1061.

Sale of chattels unaccompanied by change of possession as prima facie evidence of fraud against creditors and subsequent purchasers

A. A sale made by a vendor of goods and chattels in his possession or under his control, or an assignment of goods and chattels, unless the sale or assignment is accompanied by an immediate delivery and followed by an actual and continued change of possession of the things sold or assigned, is prima facie evidence of fraud against creditors of the vendor, or creditors of the person making the assignment, or subsequent purchasers in good faith.

B. The term "creditors" includes all persons who are creditors of the vendor or assignor at any time while such goods and chattels are in his possession or under his control.

30. To date, Diane Benitez has still **not received any money** from the sale of her Promissory Note to Defendants.

31. To date, Diane Benitez has not received the money promised by Defendants for the purported "loan" agreement, although Diane Benitez has made numerous monthly payments while waiting for the "loan" promised by Defendants.

32. Diane Benitez has paid a sum total of $22,031.99, inclusive of the down payment, closing costs, origination fees, other fees and 27,946.00 in monthly payments.

    a)     28 monthly payment at $1,134.45 for a total of $27,946 to

    b)     Up front fees for a total of $23,031.99

    c)     For a sum total certain of $49,977.99

8

33.    Defendants then filed numerous forged, fraudulent and/or false documents into the San Diego County Recorder's Office. (See Exhibits.)

34.    Defendants committed numerous felonies against Diane Benitez and the State of California when they filed said forged, fraudulent, and/or false documents into the San Diego County Recorder's Office. (See, Forensic Examination prepared by Mickey Paoleto Exhibit

See, A.R.S. § 39-161. Preserment of false instrument for filing: (California Statute)

A person who acknowledges, certifies, notarizes, procures or offers to be filed, registered or recorded in a public office in this state an instrument she knows to be false or forged, which, if genuine, could be filed, registered or recorded under any law of this state or the United States, or in compliance with established procedure is guilty of a class 6 felony. As used in this section "instrument" includes a written instrument as defined in §13-2001.

See also, (California statute) A.R.S. § 13-2001. Definitions

In this chapter, unless the context otherwise requires:

3. "Complete written instrument" means a written instrument that purports to be genuine and fully drawn with respect to every essential feature.

5. "Falsely alters a written instrument" means to change a complete or incomplete written instrument, without the permission of anyone entitled to grant it, by means of counterfeiting, washing, erasure, obliteration, deletion, insertion of new matter, connecting together different parts of the whole of more than one genuine instrument or transposition of matter or in any other manner, so that the altered instrument falsely appears or purports to be in all respects an authentic creation of its ostensible maker or authorized by her.

6. "Falsely completes a written instrument" means to transform an incomplete written instrument into a complete one by adding, inserting or changing matter without the permission of anyone entitled to grant it, so that the complete written instrument falsely appears or purports to be in all respects an authentic creation of its ostensible maker or authorized by her.

7. "Falsely makes a written instrument" means to make or draw a complete or incomplete written instrument that purports to be an authentic creation of its ostensible maker but that is not either because the ostensible maker is

fictitious, or because, if real, the ostensible maker did not authorize the making or drawing of the written instrument.

8. "Forged instrument" means a written instrument that has been falsely made, completed or altered.

9. "Incomplete written instrument" means a written instrument that contains some matter by way of content or authentication but that requires additional matter to render it a complete written instrument.

12. "Written instrument" means either:

(a) Any paper, document or other instrument that contains written or printed matter or its equivalent.

(b) Any token, stamp, seal, badge, trademark, graphical image, access device or other evidence or symbol of value, right, privilege or identification.

See also: (California statute) A.R.S. § 13-1001. Attempt; classifications

A.  A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:

B. It is no defense that it was impossible for the person to aid the other party's commission of the offense, provided such person could have done so had the circumstances been as she believed them to be.

35.   Defendants, then unlawfully commenced a non-judicial foreclosure proceeding against Diane Benitez utilizing said fraudulent documents in furtherance of their felonious acts.

36.   There is no basis and/or foundation in law to commence a non-judicial foreclosure proceeding using fraudulent, forged and/or false documents.

37.   Numerous courts have previously decided that filing false documents in a County Recorder's Office to steal land is a "terrorist act." (*See* "Paper terrorism.")

38.   Defendants *must* either fulfill the requirement of supplying the amount of money as agreed upon in the Deed of Trust for the purported **loan**; *or* **reimburse** Diane Benitez **all money** given to Defendants to obtain said purported **loan**.

39.   On or about December 28th 2007, Diane Benitez as a consumer defined under Title 44 of the California Revised Statutes did enter into a Deed of Trust agreement of real property in good faith with Defendants.

40.   Defendants used misleading "legalese" in the Deed of Trust documents as a means of converting real property from its true owner to themselves without Diane Benitez comprehension and therefore *without her understanding.*

41.   Diane Benitez sought to purchase a home. She was a consumer in relation to all parties who wished to benefit from that transaction, including Defendants, who allegedly provided financing for the purchase of the home.

42.   On or about February 02 2009, Diane Benitez began to question the extent of the fraudulent and/or criminal activities of financial intuitions. At that time, she began to research the Promissory Note and Deed of Trust affiliated with the real property herein and discovered the following;

      (a)  banking law states a bank cannot loan "credit",

      (b)  the bank had no financial interest at risk in the note,

      (c)  the bank monetized Diane Benitez signature,

      (d)  the Bank securitized Diane Benitez Promissory Note,

      (e)  the Defendants do not lawfully own a security interest in the real property,

      (f)  the original/genuine Promissory Note and original/genuine Deed of Trust are to be maintained "together" in good and valid condition. Independently they are null and void of value, because the Promissory Note evidences the underlying debt secured by the Deed of Trust.

43.   The Deed of Trust states, in its pages and paragraphs of the deed "this is a loan as evidenced by the Promissory Note". Yet, the Promissory Note has been *sold* by Diane Benitez to

11

Defendants, wherein Defendants "cashed" and/or "monetized" the Promissory Note who then gave the cash, received by Defendants, for sale of said Promissory Note to a third party. The cash thereby completed and perfected the sale of the Promissory Note.

44.　　Accordingly, since the Promissory Note was resold by Defendants, the Promissory Note is no longer or has never been attached to the Deed of Trust and thus cannot "evidence" any aspect of the Deed of Trust.

45.　　Therefore, the Deed of Trust, absent its required evidence, is invalid as a claim and as a contract against Diane Benitez

46.　　In fact, the Deed of Trust only evidences the fact that Diane Benitez has kept the promise to pay monthly on a purported "loan" in which Defendants have failed to uphold their requirement under the purported loan by not presenting the amount stated in the Deed of Trust to her.

47.　　Simply stated, Diane Benitez has been making the monthly payments and stopped once it was evident Defendants would remain in *dishonor in not* fulfilling their part of the purported agreement by issuing the loan.

48.　　Diane Benitez researched the San Diego County records for the original Promissory Note, Instrument and found assignments from Defendant A to Defendant B, etc. etc. and lastly to Bank of America, CA with no record of any further assignments containing original note # to Defendant Countrywide Mortgage.

49.　　Diane Benitez paid for and received a Forensic Examination by wherein numerous counts of fraud committed by be a Defendants discovered by Mickey Paolette are described. ( in an : Exhibit to filed at a later time)

12

50.   Upon information and belief Defendants are unlawfully and deceptively proceeding to foreclose and sell Diane Benitez's real property without providing Proof of Claim that they are the **true Creditor** and/or **Holder in due Course**, by exhibiting the *genuine original* Documents with the Allonge proving Standing to foreclose on Diane Benitez's real property.

51.   Diane Benitez discovered the forged, fraudulent and/or false documents Defendants filed and/or recorded in the San Diego County Recorder's Office as contained in the Forensic Examination of the purported agreement(s). (Exhibits ___)

52.   Diane Benitez has demanded Defendants *exhibit the original instrument* in accordance with, inter alia, U.C.C. § 3-501(3)(12), inclusive of the *genuine original Promissory Note and genuine original allonge(s)* showing chain of title, also inclusive of the following forms and OMB numbers of the forms to show the record of financial interest in the Promissory Note:

(a)  Federal Reserve form S3 registration statement,

(b)  Federal Reserve form 424(b)(5) prospectus,

(c)  Federal Reserve form FF 2046 balance sheet(s),

(d)  Federal Reserve form FF 2049 balance sheet(s),

(e)  Federal Reserve form 20H9 balance sheet(s),

(f)  Title page to the Deed of Trust.

53.   Defendants misrepresented to Diane Benitez the scope of the *original agreement(s)* dated December 28th 2007 and violated the good faith agreements with Diane Benitez by the following:

a.   Failing to maintain the Deed of Trust together with the *genuine original* Promissory Note.

b.   Falsely claiming to be or represent the Holder in Due Course and/or Holder.

13

c.    Deceptively representing themselves as the Creditor and/or Holder in Due Course of the true debt instruments.

d.    Unconscionably proceeding to non-judicially foreclose on said real property without Proof of Claim to establish standing to do so.

e.    Causing confusion to Diane Benitez by not notifying Diane Benitez of any and all transfers or assignments of said Deed of Trust and/or Promissory Note.

f.    Falsely continuing to act as though they are the Creditor and Holder in Due Course and, therefore, have failed to state a claim wherein relief may be granted in accordance with F.R.Civ.P., Rule 12(b)(6).

54.    Diane Benitez has inquired with the Defendants to confirm that Defendants are the Real Party in Interest. Pursuant to, *inter alia*, Rule 17(a), Defendants must prove they are the Real Party in Interest, not just claim such. The Defendants have failed to disclose the requested information.

55.    Upon information and belief Defendants are a "Fictitious Payee." Moreover, the Defendants are *not* the Creditor, or a lawful Assignee of the Creditor, in this case.

56.    Further, immediate action is necessary because Diane Benitez has no adequate remedy at law. Based on these facts, Diane Benitez believes that the Defendants' deceptive actions will deprive Diane Benitez of her rights to Due Process of Law.

### III. CAUSES OF ACTION PURSUANT TO CALIFORNIA TITLE 44

57.    Diane Benitez reaffirms and realleges the preceding paragraphs as if fully set forth herein below.

58.     Most states' deceptive trade practices statutes include broad restrictions on "deceptive" or "unfair" trade practices. These states often include prohibitions against *fraudulent and unconscionable practices*. The Federal Trade Commission, when interpreting the FTCA, does not require the person committing an act of deception to have the intent to deceive. Moreover, the FTC does not require that actual deception occur. The FTC merely requires that a party have the capacity to deceive or commit an unfair trade practice. If a business or individual has this capacity or tendency to deceive, the FTC under the FTCA may order the company to cease and desist the deceptive or unfair practice. California statutes similarly do not require that a company specifically intend to deceive, nor must a company always have knowledge that a statement is false to be liable for misrepresentations made to a consumer.

59.     There are two main purposes of the statutes providing remedies for businesses engaging in unlawful activity: (1) injunctions or restraining orders forbidding the continued deceptive trade practice, and (2) punishment via fines, damages, and imprisonment. Because businesses are generally in violation of deceptive trade practice laws and because it is difficult to determine whom to punish in the violating business, fines are generally the most effective method of extracting restitution.

60.     Defendants can be sued under A.R.S. § 44-1007.

61.     All Defendants are liable pursuant to A.R.S. § 44-1008.

62.     The statute of limitations has not expired pursuant to A.R.S. §44-1009(1) as Diane Benitez just recently discovered the fraud committed by Defendants.

63.     Defendants violated A.R.S. Title 44 when they:

(a) Engaged in false, misleading or deceptive acts or practices that Diane Benitez relied on to her detriment. Specifically, Defendants caused confusion or

15

misunderstanding as to the source of the funding, having no financial risk in the transaction.

(b) Failing to disclose information which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Defendants did not disclose the method by which the Note(s) would be sold and monetized, and the Deed securitized.

(c) Engaged in an unconscionable action or course of action that, to Diane Benitez' detriment that took advantage of her lack of knowledge and experience to a grossly unfair degree. Specifically, Defendants initiated foreclosure on real property knowingly, without being, stating, and/or evidencing they were in fact the Holder in Due Course with standing to foreclose.

64.    Diane Benitez requested all appropriate documentation from Defendants, including written correspondences. (Exhibits  ).

65.    Defendants' wrongful conduct will result in Diane Benitez's Right to Due Process of Law being negated and unlawfully placing a cloud on the title to the real property.

## IV.  CONDITIONS PRECEDENT

66.    Diane Benitez reaffirms and realleges the preceding paragraphs as if set forth in their entirety hereinbelow.

67.    All conditions precedent to Diane Benitez's claim for relief have been performed or have occurred.

## V.  REQUEST FOR DISCLOSURE

68.    Diane Benitez reaffirms and realleges the previous paragraphs as if fully set forth hereinbelow.

69.    Pursuant to California Rules of Civil Procedure Diane Benitez requests that Defendants disclose within 10 days of the service of this request, the information or material evidencing Defendants *prima facie* case or acknowledge they have no right to argue against Diane Benitez demands in this matter.

70.    It is likely that Diane Benitez will recover from Defendants after trial on the merits set forth herein.

WHEREFORE, Diane Benitez respectfully requests this Court:

A.    Immediately take jurisdiction of this matter and enter an Order for an evidentiary/show cause hearing concerning Defendants' filing of false documents into public office (in conjunction with her Applications for Restraining Order and Preliminary Injunction filed concurrently herewith seeking temporary and permanent injunctive relief to expressly preclude and cancel the "Trustee sale" previously scheduled for March 15, 2011).

B.    That Defendants at said hearing prove they have legal standing to institute or maintain said "trustee sale".

C.    For any other and further relief which the Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of March, 2011.


_____
Diane Benitez, Plaintiff *pro per*


17

1
2
3
4
5
6
7
8
9

## VERIFIED STATEMENT

Diane Benitez *pro per*, verifies that is competent to state as to the matters set forth herein and has first-hand knowledge thereof, and attests that to the best of her knowledge and belief. such facts are true, correct and complete to the best of her knowledge and belief. admissible as evidence, and if called upon as a witness, she will testify to their veracity.

Diane Benitez, Plaintiff *pro per*
(Signed reserving all my rights under U.C.C. §1-308)

10

## CERTIFICATE OF SERVICE

11
12

ORIGINAL for filing and COPY delivered to the Court and Judge this 15th day of March. in the year of Our Lord, 2011.

13

COPIES served by certified mail service up n:

14

Recon Trust.

15

and

16

Bank of America

17

And

18

COUNTRYWIDE MORTGAGE

19

SAN DIEGO CA 92101.

20

Diane Benitez, Plaintiff *pro per*

21
22
23
24

(Signed reserving all my rights under U.C.C. §1-308)

25

18

Recon Trust / Bank of America
Loan # 167 903 354

Because of my age and the fact were not properly informed of the sale of the property we are filing this emergency injunction to protect the property my mother was leaving for us. Left to me by mother and they would not let me renegotiate this loan because my name was not on the property. They are selling it before it has been properly probated. This document MAY NEED ADJUSTMENT BUT WILL BE WE WILL DO AN ADDENDUM when we have properly advised.

19

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

DIANE BENITEZ

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

in Pro Per

**DEFENDANTS**

ReconTRUST CA &
ReconTRUST
Bank of America, CA an entis Reg is
being used in conceal fraud
County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

11 CV 0510 BEN WMc

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                      DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment / Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ / **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment / ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28.1331 yyR

Brief description of cause: Mother left house to me. BN BOA would not re-
Honor loan without my honor on Agate, is now selling House I
have in Belor we have Time to Probate House.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23         DEMAND $            CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE                      DOCKET NUMBER

DATE   March 15, 2011         SIGNATURE OF ATTORNEY OF RECORD   Diane Benitez in Pro Per

**FOR OFFICE USE ONLY**

RECEIPT # 23980   AMOUNT $350.00   APPLYING IFP 7   JUDGE         MAG. JUDGE

03.15.11

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS023980
Cashier ID: nsiefken
Transaction Date: 03/15/2011
Payer Name: diane c benitez
--------------------------------
CIVIL FILING FEE
  For: diane c benitez
  Case/Party: D-CAS-3-11-CV-000510-001
  Amount:       $350.00
--------------------------------
CHECK
  Check/Money Order Num: 329
  Amt Tendered:  $350.00
--------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```