FILED

2011 MAR 21 PM 3: 57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ alf _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BENITEZ,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>RECON TRUST, CA, BANK OF AMERICA, CA, and JOHN DOES 1-10,000,<br><br>　　　　　　Defendants. | Case No. 11-CV-510 BEN (WMC)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. # 1] |

On March 16, 2011, Diane Benitez, proceeding *pro se*, concurrently filed a complaint ("Complaint") and moved this Court for a temporary restraining order ("Motion for a TRO") to stop the same-day, bank-initiated foreclosure of the property located at 5610 Alta Vista Ave, San Diego, California 94114.  Plaintiff's proof of service indicates that she served the named defendants by certified mail on the day that she filed the Complaint and Motion.

But, because the Court may not issue a TRO absent a showing that Plaintiff is likely to succeed on the merits of her claims and because Plaintiff fails to make that requisite showing, Plaintiff's Motion for a TRO is **DENIED**.

## I.
## BACKGROUND

In the civil cover sheet to her Complaint, Plaintiff asserts that Defendant will foreclose

upon the house owned by Plaintiff's late mother before probate proceedings relating to the house can conclude. Plaintiff further alleges that, although Plaintiff is to inherit the property, Defendant Bank of America refused to renegotiate the existing mortgage with her because her name is not yet listed on the property's deed. According to Plaintiff, Defendant will foreclose upon the property on March 15, 2011. Plaintiff seeks a TRO to stop Defendant's sale of the home. (Compl., Cover Sheet[1] [Doc. # 1].)

In contrast to this recital, the Complaint alleges altogether different facts and claims. The Complaint asserts that a promissory note that Plaintiff "sold" to Defendant was unlawfully resold. (Compl. ¶ 28.) The Complaint also sets forth bare allegations of fraudulent misrepresentation and encumbrance. (*See id.* ¶ 7 ["This Motion is being brought in accordance with the fraudulent acts committed by Defendants and pursuant to California Revised Statutes Title § 44, Chapter 8, Articles 1, 3 and 4 and Chapter 9, Articles 1 and 2, and other state and/or federal laws against all Defendants."].) For example, Plaintiff alleges that Defendants made "fraudulent misrepresentations and omissions" (*id.* ¶¶ 7, 9) and that the subject foreclosure is based upon fraudulent documents "unlawfully filed" with the San Diego County Recorder's Office. (*Id.* ¶¶ 12, 14.)

## II.

## LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer,* 103 F. Supp. 978, 980 (D.D.C. 1952); *cf. Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (holding that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion").

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Bronco Wine Co. v. U.S. Dep't of Treasury,* 997 F. Supp. 1309, 1313 (E.D. Cal. 1996).

---

[1] Because Plaintiff proceeds *pro se*, the Court liberally construes the Complaint to include the facts alleged on the civil cover sheet. In general, however, cover-sheet notations are not considered to be a substantive part of a federal pleading.

A party must make a four-fold showing that: (1) she is likely to succeed on the merits of her claims; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). In lieu of establishing likelihood of success on the merits, a plaintiff may secure preliminary injunctive relief by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010). A plaintiff must still meet the other *Winter* factors.

### III.

### DISCUSSION

While the Court recognizes that loss of a home may constitute irreparable harm as a matter of law, *see, e.g., Saba v. Caplan,* No. 10-CV-2113, 210 WL 4235473, 2010 U.S. Dist. LEXIS 76790, at *13–14 (N.D. Cal. 2010), here, Plaintiff has neither demonstrated that she is likely to succeed on the merits of her claims or raised "serious questions." Further, Plaintiff fails to show that the balance of equities favors a TRO and fails to show that a TRO is in the public interest.

As an initial matter, the Complaint does not appear to assert a cognizable challenge to a non-judicial foreclosure in California. Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Fed. Bank*, 81 Cal. App. 4th 816, 821 (Cal. Ct. App. 2000). A deed of trust "'entitles the lender to reach some asset of the debtor if the note is not paid.'" *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1235 (Cal. 1995) (quoting BERNHARDT, CAL. MORTG. AND DEED OF TRUST PRACTICE § 1.3, p. 5 (Cont. Ed. Bar ed. 1990)). If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236–37 (Cal. 1930) ("The law affecting the validity of trust deeds having been thus early established has continued to be the law of this state with relation to that form of

security .... [I]t has been long customary in the form and content of such trust deeds to provide for the foreclosure thereof, either by an action of foreclosure in the courts or by a trustee's sale, at the option of the trustee or beneficiary thereunder.").

The statutes governing non-judicial foreclosures in California are intended to be exhaustive. *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (Cal. Ct. App. 1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (Cal. 1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust."). Under California Civil Code § 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal. App. 4th at 830. "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Id.* at 831.

To challenge a foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Kroeker v. Hurlbert*, 38 Cal. App. 2d 261, 266 (Cal. Ct. App. 1940). A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (Cal. Ct. App. 1970).

Here, the Complaint variously avers that Defendant defraud Plaintiff of $49,977.99, an amount Plaintiff alleges she paid toward a loan that never existed (Compl. ¶ 32(c)), *and* that Defendants failed to pay her for the resale of her promissory note. (*Id.* ¶ 20.) Neither conclusion is supported by factual allegations[2] and neither supports a foreclosure challenge via a TRO.

In summary, Plaintiff fails to establish either that she is likely to succeed on the merits of her claims or that serious questions have been raised by facially meritorious claims. Furthermore,

---

[2] Specific factual allegations are particularly critical when a plaintiff alleges fraud. *See* FED. R. CIV. P. 9 ("In alleging fraud ..., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Plaintiff has not proffered factual evidence to support a finding that the balance of equities here tips in her favor or that a TRO would serve the public interest.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a TRO is **DENIED.**

**IT IS SO ORDERED.**

Dated:   March 21, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE